**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-664 C
Filed: November 25, 2014
NOT FOR PUBLICATION

**FILED**

NOV 2 5 2014

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RAYNOLDO BANKS, | Failure to State a Claim; |
| | RCFC 12(b)(6); |
| Plaintiff, *pro se*, | Jurisdiction; |
| | Motion to Dismiss; |
| v. | RCFC 12(b)(1); |
| | Subject Matter Jurisdiction; |
| THE UNITED STATES, | Tucker Act, 28 U.S.C. § 1491(a)(1); |
| | RCFC 12(h)(3); |
| Defendant. | *Pro Se*. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Raynoldo Banks**, Washington, D.C., Plaintiff, *pro se*.

**Scott R. Damelin**, United States Department of Justice, Trial Attorney, Commercial Litigation Branch, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**BRADEN**, *Judge*.

### I. RELEVANT FACTUAL BACKGROUND.[1]

On July 29, 2014, Mr. Raynoldo Banks ("Plaintiff") filed a Complaint in the United States Court of Federal Claims seeking "two eternity's of money . . . plus interest" for claims arising from a breach of fiduciary duty by a clerk at the Superior Court of the District of Columbia ("Superior Court"). Compl. 19. Plaintiff also filed a Motion for a "Daubert Hearing" to allow Plaintiff to present expert testimony of a polygraph examiner to substantiate the factual allegations in the Complaint. Pl.'s 7/29/14 Mot. at 1.

The Complaint alleges that the Plaintiff was incarcerated for a period of two years, although Plaintiff secured a "no lock up order" that resulted in a habeas corpus claim. Compl. 8.

---

[1] The relevant facts discussed herein were derived from the July 29, 2014 Complaint. Because the Complaint does not have paragraphs, the citations herein reference only page numbers.

The Complaint alleges that the Superior Court awarded Plaintiff "a sum of two eternity's of money total," disbursed $36,000 in funds on the day of that award, and disbursed an additional $603,000 in payments sometime thereafter. Compl. 7, 10.

On December 30, 2013, Plaintiff returned to the Superior Court and was told that "they had no record of a judgment for Raynoldo Banks" under filing numbers "2950-04 A&B or 2004-2950 A&B." Compl. 8. Plaintiff seeks to enforce the remainder of the judgment in this action, on the basis that the Clerk of the Superior Court breached a fiduciary duty to "hold [Plaintiff's] account" during Plaintiff's incarceration.[2] Compl. 10.

On October 9, 2014, the Government filed a Motion to Dismiss ("Gov't Mot.") on the basis that the court does not have subject matter jurisdiction "to adjudicate claims or judgments of another court, including but not limited to the D.C. Superior Court." Gov't Mot. at 3.

On October 23, 2014, Plaintiff filed a Motion for "Point of Leave for New Defendant Amended and Supplemental Pleadings Third-Party Practice Joint and Several Liability," requesting that the court grant Plaintiff leave to amend the Complaint and add the United States Treasury as a defendant. Pl. 10/23/14 Mot. at 1–2. On November 10, 2014 the Government filed a Response.

On November 17, 2014, Plaintiff filed a Motion To Confirm Ancillary Jurisdiction The Fact Of Subject Matter Jurisdiction. On November 21, 2014, Plaintiff filed a "Rule 66" Motion.

## II. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to

---

[2] The Complaint does not provide any dates of this incarceration.

money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence."). If, at any point, it appears the court does not have subject matter jurisdiction, "the court shall dismiss the action." RCFC 12(h)(3).

**B.     Standard of Review for Pro Se Litigants.**

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

**C.     Standard of Review for a Motion to Dismiss Pursuant to RCFC 12(b)(1).**

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

**D.     Standard for Motion to Dismiss Pursuant to RCFC 12(b)(6).**

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555. The court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Id.*

E.     **The Government's October 9, 2014, Motion to Dismiss.**

1.     **The Government's Argument.**

The July 29, 2014 Complaint does not contain allegations sufficient to establish subject matter jurisdiction. Gov't Mot. 3. To the extent that the Complaint alleges a breach of contract claim against the Clerk's office at the Superior Court of the District of Columbia, it fails to state a claim against an agent of the United States. Gov't Mot. 3–4. In any event, the court does not have subject matter jurisdiction to adjudicate judgments of another court. Gov't Mot. 3.

2.     **Plaintiff's Response.**

On October 23, 2014, Plaintiff filed a Motion that appears to request leave to file an Amended Complaint and to join the United States Treasury as a defendant. 10/23/14 Pl. Mot. at 2. This motion also cites various provisions of the United States Code, the Code of Federal Regulations, and Rules of the United States Court of Federal Claims, but fails to address the underlying jurisdictional issues raised by the Government's July 29, 2014 Motion to Dismiss. Pl. Mot. at 3–4.

3.     **The Court's Resolution.**

The United States Court of Federal Claims does not have jurisdiction to enforce a judgment of the Superior Court of the District of Columbia. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."); *see also Burlison v. United States*, 75 Fed. Cl. 736, 741 (2007) (citing 28 U.S.C. § 1257) ("Only the United States Supreme Court may review final judgments entered by state courts.").

Even if the United States Court of Federal Claims had jurisdiction to enforce a judgment of the Superior Court of the District of Columbia, the July 29, 2014 Complaint fails to state a claim on which relief can be granted, because from the vague allegations therein, the court cannot "draw the reasonable inference that the [Government] is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court holds *pro se* litigants to a lesser standard when analyzing the factual sufficiency of complaints, this deference does not relieve a litigant's obligation to provide sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, the July 29, 2014 Complaint alleges indeterminate damages of "two eternity's of money." Compl. 7. As such, it fails to satisfy the pleading requirements. *See Twombly*, 550 U.S. at 555–56.

## III. CONCLUSION.

For these reasons, the Government's October 9, 2014 Motion to Dismiss is granted. *See* RCFC 12(b)(1). Because subject matter jurisdiction is a threshold issue, Plaintiff's October 23, 2014 Motion, November 17, 2014 Motion, and November 21, 2014 Motion are denied as moot. Accordingly, the Clerk is directed to dismiss the July 29, 2014 Complaint.

**IT IS SO ORDERED.**

_____
SUSAN G. BRADEN
Judge